# IN THE COURT OF APPEALS OF IOWA

No. 25-1262
Filed October 29, 2025

IN THE INTEREST OF J.B.-N., L.N.-B., and R.C.,
Minor Children,

J.B., Father,
 Appellant,

J.N., Mother,
 Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford, Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Jennie L. Wilson-Moore of Wilson Law Firm, Conrad, for appellant father.

Melissa A. Nine of Nine Law Office, Marshalltown, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Merrill C. Swartz of Swartz Law Firm, Marshalltown, attorney and guardian ad litem for minor children.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

A mother and father separately appeal the termination of their parental rights under Iowa Code section 232.116(1)(h) (2025).  They both challenge the sufficiency of the evidence supporting the grounds for termination and whether termination is in the best interests of the children.  The father additionally alleges the juvenile court erred in not granting him a six-month extension.  Upon our review, we affirm.

## I.      Background Facts and Proceedings

The children, J.B.-N.[1], L.N.-B., and R.C.[2], came to the attention of the Department of Health and Human Services (HHS) in August 2023.  Law enforcement found the children and the mother sleeping in a vehicle.  HHS's involvement began because of the mother's unstable housing.  Soon thereafter, L.N.-B. tested positive for methamphetamine.

HHS explored potential placement options for the children, including J.B.-N.'s father.  Unfortunately, he had four active warrants for his arrest and was absconding.  So, HHS applied for removal which the juvenile court granted.

On August 28, the State filed petitions alleging J.B.-N. and L.N.-B. to each be a child in need of assistance (CINA) under Iowa Code section 232.96A(2), (3)(b) and (14).  R.C. was born in September 2023.  On December 22, 2023, the State filed a CINA petition as to R.C. alleging the same grounds as J.B.-N. and L.N.-B.

---

[1] The father who is a party to this appeal is J.B.-N.'s father.
[2] L.N.-B. and R.C. share a father.  His parental rights were also terminated, but he does not appeal.

In early 2024, the mother and father stipulated that there was sufficient evidence to show that R.C. was a CINA under Iowa Code section 232.96A(3)(b). It appeared the mother was making progress. The children were returned to the mother's custody.

In May 2024, HHS again asked for the children to be removed. This was because the children were in the home when L.N.-B.'s father was smoking methamphetamine with others at the mother's home. When confronted by the mother, L.N.-B..'s father threw her to the ground. The police were called to the residence. The mother later admitted to also using methamphetamine. The court ordered removal of the children. J.B.-N. and L.N.-B. tested positive for methamphetamine and marijuana, respectively.

After the second removal, the mother obtained a substance-use evaluation and a mental-health evaluation. She began the recommended treatment plan for both. The father continued to not participate in the case because of his active warrant status. In November 2024, the juvenile court granted a six-month extension to the mother to achieve reunification.

In January 2025, the State filed petitions to terminate the parental rights of each parent. Each petition alleged grounds under Iowa Code section 232.116(1)(e) and (h). After a hearing, the juvenile court granted the petitions as to Iowa Code section 232.116(1)(h). The mother and father now appeal.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the

juvenile court's fact findings, "particularly with respect to credibility determinations."

*Id.*

## III.    Discussion

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). First, we determine "whether any ground for termination under section 232.116(1) has been established." *Id.* If we conclude affirmatively, we next "determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 219–20. If we conclude section 232.116(2) supports termination, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* at 220. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

### a. *Mother's Parental Rights*

First, the mother challenges the juvenile's court's decision to terminate her parental rights under Iowa Code section 232.116(1)(h). The court may terminate parental rights under this section if it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

The mother does not dispute the elements for termination under section 232.116(1)(h)(1)–(3). Instead, she argues that (1) there was not clear and convincing evidence that the children could not be safely returned to the mother's custody, and (2) termination is not in the children's best interests.

Children cannot be returned to the parents as provided in section 232.102 if the children will suffer harm that would justify a CINA adjudication. "At the present time" means at the time of the termination hearing. *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). Our review of the record shows the children cannot be safely returned. At least two of the three children have tested positive for controlled substances. The mother admitted throughout her testimony that she had tested positive for methamphetamine, marijuana, and cocaine. Our court has long recognized that controlled substances like methamphetamine are particularly dangerous when it comes to child welfare. *See, e.g., J.P.*, 2020 WL 110425, at *2 ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."); *In re K.L.*, No. 17-0346, 2017 WL 2465817, at *1 (Iowa Ct. App. June 7, 2017) ("Methamphetamine is a scourge."). Because there remains a dangerous environment stemming from the potential of exposure to controlled substances, we find the children cannot be safely returned to the mother. *See* Iowa Code § 232.116(1)(h)(4).

Similarly, we find termination is in the children's best interests. In deciding best interests, we give primary weight "to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). We also consider the children's integration into their foster families

and whether the foster families are willing to permanently integrate the children into their family. *Id* § 232.116(2)(b). Because we have already identified that these children have been exposed to methamphetamine, marijuana, and cocaine which creates a dangerous environment for them, we find termination is in their best interests. *See J.P.*, 2020 WL 110425, at *2. Additionally, the record demonstrates these children have been exposed to domestic violence. *See In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021) (recognizing exposure to domestic violence is harmful to children). Therefore, we find termination of the mother's parental rights is in the children's best interests.

### b. Father's Parental Rights

Next, the father argues the juvenile court erred in (1) not granting him a six-month extension towards permanency, and (2) finding clear and convincing evidence supported the grounds for termination.

We will first address the father's request for a six-month extension. Before granting a six-month extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the child will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b). The father claims he requested a six-month extension of the juvenile court. Our review of the record demonstrates he did not. The father did not participate in the termination hearing, and his attorney's only request to the court was: "On behalf of [the father], he is not in agreement with termination. We would ask the court deny the petition." So, we find error is not preserved on his request for a six-month extension. *See In re A.B.*, 815 N.W.2d

764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases.").

Turning to his sufficiency challenge to the grounds for termination, the father offers no substantive argument to support such challenge. We therefore consider those arguments waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3). Even if the argument had not been waived, we would affirm. The court can terminate parental rights under section 232.116(1)(h) if the child cannot be returned to the parent after a period of removal. Because the father did not participate in the proceeding due to the fact that he was on warrant status, that ground is proven. Any argument that he would be a responsible caregiver once released is undercut by his lack of cooperation during the underlying termination case. *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) ("Case history records are entitled to much probative force when a parent's record is being examined."). We affirm and find the termination under section 232.116(1)(h) is in the child's best interests.

## IV. Conclusion

Because we find that the grounds for termination under Iowa Code section 232.116(1)(h) were proved as to both parents, it is in the children's best interests, and the father did not preserve error on his request for an extension, we affirm the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**